Carroll,
No. 5702.

KURT BEER

*v.*

NORTH CONWAY LIGHTING PRECINCT.

Submitted January 3, 1968.
Decided January 30, 1968.

*William Paine* for the plaintiff, filed no brief.

*L. Hamlin Greene* for the defendant, filed no brief.

PER CURIAM. This is an action seeking damages for injuries alleged to have been sustained in a fall by the plaintiff on a sidewalk in North Conway August 1, 1963. The writ alleges that the defendant constructed and maintained the sidewalk and that the defect that caused the plaintiff's fall was due to the negligent maintenance of the sidewalk by the defendant.

Defendant moved to dismiss the action alleging that it is a municipal corporation, the maintenance of the sidewalk is a governmental function, and therefore there can be no liability. Defendant's motion to dismiss was granted by the Trial Court ( *Morris*, J. ) who reserved and transferred plaintiff's exception.

The pleadings assume that the defendant is a village district organized under the provisions of RSA 52:1 with the usual powers including the construction and maintenance of sidewalks.

A sidewalk is part of a highway ( *Gossler* v. *Miller,* 107 N. H. 303, 305 ) and by the terms of RSA 247:9, 10 a notice to the town, given as provided in the statute, that a highway is out of repair or unsafe renders the town liable for accidents which happen subsequent to such notice and prior to repairs by the town. There is no allegation of notice and failure to repair by the defendant in this case.

Since the plaintiff does not rely upon RSA 247:9, 10 the case is controlled by *Gossler* v. *Manchester,* 107 N. H. 310, decided July 15, 1966 where a majority of this court sustained a motion to dismiss an action against the city of Manchester for personal injuries sustained in a fall on a city sidewalk. Both the concurring opinion and the majority opinion suggested that removal of municipal immunity was a matter for legislative consideration. Subsequent to this decision the 1967 Legislature met without changing the rule in the *Gossler* case. A majority of the court would not consider a change in a case that has neither been briefed nor argued by the parties. RSA 490:13.

*Exception overruled.*